# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4404 | **DATE** | 8/12/2003 |
| **CASE TITLE** | Prakashchandra Shah vs. Village of Hoffman Estates, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's Bill of Costs is granted in part and denied in part in the total amount of $195.32.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 1 4 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | 44 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 AUG 13 PM 3:19 | | |
| WAP | courtroom deputy's initials | FILED FOR DOCKETING Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED AUG 1 2 2003

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

PRAKASHCHANDRA SHAH,

Plaintiff,

v.

VILLAGE OF HOFFMAN ESTATES, a
Municipal Corporation; VILLAGE
OF HOFFMAN ESTATES POLICE
DEPARTMENT; and VILLAGE OF
HOFFMAN ESTATES POLICE
DEPARTMENT OFFICERS GERLACH and
EGGERS,

Defendants.

Case No. 00 C 4404

Judge Harry D. Leinenweber

DOCKETED
AUG 1 4 2003

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Village of Hoffman Estates' ("Hoffman Estates") Bill of Costs requesting the sum of $1,619.47. Plaintiff Prakashchandra Shah ("Shah") files no objection.

### DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) ("Rule 54(d)(1)") provides that "costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED.R.CIV.P. 54(d)(1); see also Local R. 54.1. Courts have consistently interpreted Rule 54(d)(1) as providing a strong presumption that the prevailing party will recover costs. See, e.g., Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 945 (7th Cir. 1997); Finchum v. Ford Motor Co., 57 F.3d 526, 533 (7th Cir. 1993); M.T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1409 (7th Cir. 1991). When summary judgment is granted in a party's favor, they are

44

the "prevailing party" for the purposes of an award of costs. *Weeks*, 126 F.3d at 944; *Franzoni v. Hartmarx Corp.*, 99 C 4898, 2003 WL 21397743, at *2 (N.D. Ill. June 16, 2003).

28 U.S.C. § 1920 specifies the costs that may be recovered pursuant to Rule 54(d)(1). Among the costs explicitly allowed are: fees for court reporters and transcripts, fees for witnesses, and fees for copies of papers necessarily obtained for use in the case. 28 U.S.C. § 1920(2)-(4). A court must review a proposed bill of costs "in scrupulous detail." *Rice v. Sunrise Express, Inc.*, 237 F.Supp.2d 962, 978 (N.D. Ind. 2002). Indeed, even where the losing party does not lodge any objections, the prevailing party is not automatically awarded costs; a court may only impose costs upon the losing party if the expenses claimed are reasonable, both in amount and necessity to the litigation. *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). Courts are vested with discretion to determine whether and to what extent a prevailing party may be awarded its costs. *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993).

### A. Transcript Fees

Hoffman Estates seeks $1,520.10 for the cost of original deposition transcripts. The Judicial Conference rate in force at the time the transcripts were ordered allowed a maximum of $3.00 for each original regular-delivery transcript page. See VI JUDICIAL CONFERENCE OF THE UNITED STATES, GUIDE TO JUDICIARY POLICIES AND PROCEDURES, COURT REPORTERS' MANUAL Ch. 20, pt. 20.3 (1998).

Where a party seeking costs fails to specifically identify the number of pages in a requested transcript, no costs will be awarded. Indeed, without this information, it is impossible for the Court to determine whether specific costs are reasonable and necessary. *See Alexander v. CIT Tech Fin. Servs.*, 222 F.Supp.2d 1087, 1090 (N.D. Ill. 2002); *Teerling v. Fleetwood Motor Homes of Ind., Inc.*, 99 C 5926, 2001 WL 883699, at *2 (N.D. Ill. Aug. 2, 2001).

With only a single exception, the deposition transcript invoices submitted in support of the Bill of Costs do nothing more than demonstrate that Hoffman Estates paid for original transcripts in a particular lump-sum amount; the number of pages purchased is never disclosed. The one exception is the invoice for the Cinton Herdegen deposition transcript, which discloses 32 pages purchased for $96 (a cost of $3 per page, which is within the maximum rate set forth by the Judicial Conference). Accordingly, the Court awards Hoffman Estates the reduced amount of $96 for transcript costs.

### B. Witness Fees

Hoffman Estates also requests $45.67 for witness fees. Witness fees are expressly authorized by 28 U.S.C. § 1920(3), and 28 U.S.C § 1821 provides that "a witness in attendance at any court of the United States . . . shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(a)(1), (b). A witness attending a deposition is also entitled to reimbursement for mileage traveled at the rate of $.36 per mile. § 1821(c)(2); *see* 41 C.F.R. § 301-10.303. In charging $5.67 for 15.6 miles, Hoffman Estates is

requesting just over $.36 per mile. The Court reduces the witness mileage cost to $5.62 to reflect the amount mandated by § 1821(c)(2) and 41 C.F.R. § 301-10.303, thus awarding Hoffman Estates a total of $45.62 for witness fees.

### C. Photocopying Fees

Finally, Hoffman Estates seeks to recover $53.70 for photocopying fees. 28 U.S.C. § 1920(4) expressly authorizes "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4); see Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir. 1998). The language "for use in the case" refers to materials actually prepared for use in presenting evidence to the court. Riley v. UOP, LLC, 258 F.Supp.2d 841, 843 (N.D. Ill. Apr. 22, 2003). "[P]hotocopying charges for discovery and the court's copies of documents can be awarded, but charges for copies made solely for attorney convenience cannot." Id. In proving that copies were necessary to the litigation and not made solely for attorney convenience, a party need not submit a "description so detailed as to make it impossible economically to recover photocopying costs." Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991). However, a party is required to provide the best breakdown obtainable from retained records in order to make the required showing of necessity. See id.; In re Brand Name Prescription Drugs Antitrust Litig., 94 C 897, 1999 WL 759472, at *6 (N.D. Ill. Sept. 1, 1999)(chart identifying nature of document copied, number of service copies

prepared, number of pages, copying cost per page, and total copying cost held sufficient to satisfy Seventh Circuit's requirements for reimbursement of photocopying costs); *Levka v. City of Chicago*, 107 F.R.D. 230, 231 (N.D. Ill. 1985).

Hoffman Estates justifies the $53.70 charge by claiming 179 pages as part of its motion for summary judgment, photocopied at a rate of $.10 per page, with two copies provided to the Court and one copy provided to Shah. There is no question that the summary judgment motion was a document necessary for use in this case. Moreover, the rate of $.10 per page is reasonable, *see Riley*, 258 F.Supp.2d at 843; *Antonson v. United Armored Servs., Inc.*, 00 C 4095, 2002 WL 908424, at *2 (N.D. Ill. May 6, 2002), as was the decision to make three copies, as two were required by the Court and one was served on Shah, *see* FED.R.CIV.P. 5. The Court therefore awards Hoffman Estates $53.70 for photocopying charges.

## CONCLUSION

For the foregoing reasons, Defendant's Bill of Costs is **GRANTED IN PART AND DENIED IN PART** in the total amount of $195.32.
**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: August 12, 2003